Marston, J.:
A fair construction of the bond in this case would not warrant complainant in arbitrarily demanding that a horse and *348 buggy should be furnished him regularly upon certain days for an indefinite period, without any reference to the necessities likely to exist at such times requiring him to use the same. In construing this same bond when this case was here before, it was well said that “ increasing age might require such accommodation more frequently, and it might *render the parties incapable of using it.” This could only be properly ascertainable as the necessity to use a horse and buggy would arise. We find nothing in the decree upon this branch of the case of which complainant has any cause to complain. As to the repairs to the house, there is nothing in the bond requiring defendants to keep this house in repair. The parties have in their agreement specifically provided what shall be done, and we have no right to add any thing thereto. In case this house should he destroyed defendants did not agree to rebuild it, or if injured that they would repair it, but that.if destroyed, then that some other snitable house should he provided. This contingency has not happened. Whenever it does, then if some other suitable bouse is not provided, complainant may have j ust cause of complaint.
The decree must be affirmed, with costs.
The other justices concurred.